IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

```
MICHAEL GALLAGHER, and          )
PATRICIA GALLAGHER,             )
                                )
            Plaintiffs,         )
                                )
      v.                        )    Civil No. 05-30032-MAP
                                )
PATRICK DILLON and              )
ANY AND ALL DOES, each in       )
their individual capacity, and  )
UNITED STATES OF AMERICA,       )
                                )
            Defendants.         )
```

<u>MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS</u>

The United States of America and Patrick Dillon, through undersigned counsel, submit this memorandum of law in support of the Motion to Dismiss.

<u>Background</u>

The named defendant, Patrick Dillon, is an Internal Revenue employee who signed three notices of levy against the taxpayers, Michael and Patricia Gallagher.[1] (Amended Complaint ¶¶5, 8). The notices of levy were sent to the taxpayers' employer and banks. (Amended Complaint ¶¶8, 14, 16). The United States is now substituted as defendant.[2]

---

[1] For purposes of this motion to dismiss, we take the facts as set forth in the Amended Complaint as true, but do not concede the existence of any particular claims.

[2] Dillon remains a defendant only with respect to the "Bivens" claims, having been dismissed by operation of law under 28 U.S.C. § 2679 for claims under the law of Massachusetts. The United States is the defendant on the state-law based claims. Section 2679(d)(1) provides that upon the making of

- 2 -

The taxpayers' banks honored the levies by paying $1,585.30 to the Internal Revenue Service from the taxpayers' accounts and have informed the taxpayers' that they will comply with the levies.  (Amended Complaint ¶¶9, 15, 17).  Additionally, the taxpayers' employer, Seeds Company, Inc., has informed the taxpayers that it will comply with the levy.  (Amended Complaint ¶13).

In their Complaint, the taxpayers allege the following:

1.    That their Fourth, Fifth and Fourteenth Amendment Rights have been violated;

2.    That they have been deprived of $1,585.30 of their property; and

3.    That Revenue Officer Dillon committed fraud and conspired to commit fraud against the Plaintiffs.

The Plaintiffs seek the following: compensatory damages, punitive damages, attorney's fees, and a declaratory judgment.[3/]

The United States Attorney for the District of Massachusetts has certified that Revenue Officer Dillon was acting within the scope of his duties in this matter, thus effecting the

---

an in-scope certification by the Attorney General or his delegate the action "shall be deemed" to be an action against the United States under the FTCA. These provisions in the statute are unequivocal and unambiguous, so that, as a matter of law once an in-scope certification has been made the United States is in the case and the employee is out.  In Taboas v. Mlynczak, 149 F.3d 576 (7th Cir. 1998), the Court of Appeals wrote of the effect of an in-scope certification as follows:  "This 'scope certification' by the Attorney General serves to substitute the United States as the sole defendant.  Id. [28 U.S.C. § 2679(d)(1)]."  Taboas, 149 F.3d 576, n. 1 at 578.

[3/] Plaintiffs seek to have the Court issue a "declaratory judgment" regarding to the effect that Revenue Officer Dillon "clearly violated well established law and principles of human and civil rights against the Plaintiffs ...."

- 3 -

substitution of the United States as a defendant for any claims
other than those founded directly upon the Constitution.  Because
the United States has not waived its sovereign immunity to these
claims, this Court has no subject-matter jurisdiction to
adjudicate them.

To the extent that the Plaintiffs' assert that Revenue
Officer Dillon violated their rights secured by the Constitution
(a "Bivens-type" claim), they have failed to state a claim upon
which relief can be granted against Patrick Dillon, individually.
As a result, the defendants now moved to dismiss this action.

Additionally, service of process upon Revenue Officer Dillon
was attempted by leaving a copy of the Summons and Complaint with
Revenue Officer Michael Marciello.  Revenue Officer Marciello did
not have authority to accept service on behalf of Revenue Officer
Dillon, so that the attempted service was insufficient and the
Court lacks in personam jurisdiction over him.


Argument

I.   STANDARD OF REVIEW

When faced with a motion to dismiss for lack of subject
matter jurisdiction under Rule 12(b)(1) of the Federal Rules of
Civil Procedure, the party asserting jurisdiction has the burden
to establish by competent proof that jurisdiction exists. See
O'Toole v. Arlington Trust Co., 681 F.2d 94, 98 (1st Cir. 1982).

- 4 -

Federal courts are not at liberty to overlook limitations on
their subject matter jurisdiction, <u>Francis v. Goodman</u>, 81 F.3d 5,
8 (1st Cir. 1996), but rather are required to strictly construe
those statutes which grant their jurisdiction.  <u>See Garcia-Perez
v. Santaella</u>, 208 F.Supp.2d 200, 203 (D.P.R. 2002).  When ruling
on either 12(b)(1) or 12(b)(6) motion a court must accept all
well-pled factual averments as true and must draw all reasonable
inferences in the plaintiffs' favor. <u>See Pejepscot Indus. Park v.
Maine Cent. R.R.</u>, 215 F.3d 195, 197 (1st Cir.2000).


II.  THE ACTION AGAINST THE UNITED STATES IS BARRED BY SOVEREIGN
     IMMUNITY

     The United States has been substituted, by operation of law,
as the defendant for Patrick Dillon on the common-law tort
claims, and the case must proceed against the United States as
though it were a case under the Federal Tort Claims Act (FTCA),
28 U.S.C. §§ 2671, et seq.  See footnote 2, <u>supra</u>.  However, the
principle of sovereign immunity mandates dismissal of the action
against the United States both because there is no waiver in the
FTCA for plaintiffs' claims, and because plaintiffs have failed
to make an administrative claim, a prerequisite to district court
jurisdiction under the FTCA.  <u>See generally Bolduc v. United
States</u>, 402 F.3d 50, 55-56 (1st Cir. 2005) ("The FTCA evinces a
waiver of sovereign immunity with respect to certain categories
of torts committed by federal employees in the scope of their

- 5 -

employment. . . . As with all waivers of sovereign immunity, the FTCA must be 'construed strictly in favor of the federal government, and must not be enlarged beyond such boundaries as its language plainly requires.'" quoting United States v. Horn, 29 F.3d 754, 762 (1st Cir. 1994)).

The FTCA provides a limited waiver of sovereign immunity for suits filed against the United States.  28 U.S.C. §§1346(b), 2671-2680.  However, the FTCA specifically exempts claims arising in respect to the assessment or collection of any tax and claims based upon the exercise or performance of a duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused. See 28 U.S.C. §§2680(c) and (a); White v. C.I.R., 899 F.Supp. 767, 774 (D.Mass. 1995).  Plaintiffs have not alleged that they filed an administrative claim with the IRS as required by 28 U.S.C. § 2675, and we represent to this Court that they have not done so.

In McNeil v. United States, 508 U.S. 106 (1993), the Supreme Court held that a plaintiff's failure to comply with the requirement of filing an administrative claim under the FTCA and awaiting either its rejection or the passage of six months before instituting the lawsuit mandates dismissal of the action. "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."  Id. at 111.

- 6 -

Where, as here, the acts of which the plaintiffs complain fall within the exceptions to the FTCA set forth in 28 U.S.C. §2680, the action may not proceed against the United States as the substituted defendant and it must be dismissed.  See United States v. Smith, 499 U.S. 160 (1991)(medical malpractice suit originated against military physician for whom United States was substituted as defendant pursuant to § 2679 dismissed because alleged tort occurred in foreign country so that recovery under FTCA barred by statutory exception, 28 U.S.C. § 2680(k)).  The FTCA "specifically excepts from its coverage '[a]ny claim arising in respect of the assessment or collection of any tax....'  28 U.S.C. § 2680(c)."  McMillen v. U.S. Dept. of Treasury, 960 F.2d 187, 188 (1st Cir. 1991).

While it is true that the interrelationship of the two provisions (§§2679 and 2680) of the FTCA may leave a truly-aggrieved plaintiff without a remedy, that was the intent of Congress as recognized by the Supreme Court: "Congress recognized that the required substitution of the United States as the defendant in tort suits filed against Government employees would sometimes foreclose a tort plaintiff's recovery altogether."  Smith, 499 U.S. at 111.

Similarly, to the extent plaintiff is seeking a declaratory judgment, the tax exception to the Declaratory Judgment Act (28 U.S.C. § 2201) bars such relief.

- 7 -

> In a case of actual controversy within its
> jurisdiction, except with respect to Federal taxes
> other than actions brought under section 7428 of the
> Internal Revenue Code of 1986 . . . any court of the
> United States upon the filing of an appropriate
> pleading, may declare the rights and other legal
> relations of any interested party seeking such
> declaration, whether or not further relief is or could
> be sought . . .

28 U.S.C. § 2201.  See also Commissioner v. Americans United, Inc., 416 U.S. 752, 759 (1974); Mitchell v. Ridell, 402 F.2d 842 (9th Cir), cert. denied 394 U.S. 456 (1969).  As such, to the extent plaintiff's complaint can be construed as a request for a declaratory judgment, it must fail.

Consequently, there is no waiver of sovereign immunity and therefore the claims against the United States must be dismissed.

III. THE COMPLAINT FAILS TO STATE A CLAIM FOR DAMAGES UNDER
     BIVENS

In Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), the Supreme Court created a private damage remedy for violations of the Fourth Amendment, and the Bivens theory has been expanded to provide a remedy for violations of other provisions of the Constitution.  Even if we assume for purposes of this argument that plaintiff has properly pled a violation of such rights, he cannot proceed against Patrick Dillon on a Bivens theory.

The complaint generally alleges that the IRS agent violated the Plaintiffs' Fourth, Fifth and Fourteenth amendment rights and committed fraud and conspiracy to commit fraud by issuing Notices

- 8 -

of Levy to the Plaintiffs' banks and employer.  The complaint,
however, does not allege any specific constitutional violations.
Further, the remedial scheme established under § 7433 bars this
action.

A <u>Bivens</u> claim is generally unavailable in the tax context
because of Section 7433 of the Internal Revenue Code.  Section
7433 was intended to provide taxpayers with "a civil cause of
action to compensate them for damages that arise out of unlawful
actions or inaction of IRS employees that occur during the
determination or collection of Federal taxes." S. Rep. No. 309,
100th Cong., 2d Sess. 15-16 (1988).  Since the enactment of
Section 7433 in 1988, numerous courts have found <u>Bivens</u> remedies
unavailable in cases involving alleged Fourth and Fifth Amendment
violations in connection with tax collections activities. <u>See,
e.g.,</u> <u>Vennes v. An Unknown Number of Unidentified Agents of the
United States</u>, 26 F.3d 1448, 1453-54 (8th Cir. 1994) ("These
carefully crafted legislative remedies confirm that, in the
politically sensitive realm of taxation, Congress's refusal to
permit unrestricted damage actions by taxpayers has not been
inadvertent."); <u>Wages v. Internal Revenue Serv.</u>, 915 F.2d 1230,
1235 (9th Cir. 1990) ("Yet we have never recognized a
constitutional violation arising from the collection of taxes.");
<u>see also</u> <u>McMillen v. United States Department of Treasury</u>, 960
F.2d 187, 190-91 (1st Cir. 1991) (stating, in <u>dicta</u>, that it is

- 9 -

doubtful that the creation of a <u>Bivens</u> remedy would be appropriate where the alleged constitutional violations occurred in the administration of the tax laws).

A final point on the <u>Bivens</u>-type allegations is to note that plaintiff is precluded not only from maintaining such claims against the individual federal defendants, but also from maintaining such a claim against the United States.  The Supreme Court has held that a <u>Bivens</u> claim is simply not available as against the United States or its suable agencies.  <u>FDIC v. Meyer</u>, 114 S.Ct 996, 1005-06 (1994).

Therefore, the claims against Revenue Officer Dillon alleging a violation the Plaintiffs' constitutional rights must be dismissed for failure to state a claim upon which relief can be granted.


IV.  THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER REVENUE
     OFFICER DILLON BECAUSE HE HAS NOT BEEN PROPERLY SERVED

For Bivens suits brought against federal officers in their individual capacities, service of process must comply with Federal Rule of Civil Procedure 4(i).  Rule 4(i)(2)(B) provides:

> Service on an officer or employee of the United States
> sued in an individual capacity for acts or omissions
> occurring in connection with the performance of duties
> on behalf of the United States--whether or not the
> officer or employee is sued also in an official
> capacity--is effected by serving the United States in
> the manner prescribed by Rule 4(i)(1) and by serving
> the officer or employee in the manner prescribed by
> Rule 4 (e), (f), or (g).

- 10 -

Personal jurisdiction is established either by proper service of process, <u>see, e.g.</u>, <u>Jardines Bacata, Ltd. v. Diaz-Marquez</u>, 878 F.2d 1555, 1559 (1st Cir. 1989) ( "[i]n the ordinary course, the district court acquires jurisdiction over a defendant only by service of process"), or by the defendant's waiver of any defect in the service of process. <u>General Contracting & Trading Co. v. Interpole, Inc.</u>, 940 F.2d 20, 22 (1st Cir. 1991).

According to the docket sheet for the instant matter, Plaintiffs filed a proof of service on Revenue Officer Michael Marciello at the IRS Stoneham, Massachusetts offices. The Constable who conducted the service does not state whether he inquired as to whether Revenue Officer Marciello could accept personal service on behalf of Dillon. In fact, Marciello was not authorized to accept such service. Additionally, the Plaintiffs do not allege that Dillon has waived service or had authorized an agent to accept service. Accordingly, service was improper against Dillon sued in a his individual capacity and the Court lacks personal jurisdiction over Revenue Officer Dillon.

- 11 -

<u>Conclusion</u>

The United States has been substituted for Revenue Officer Dillon for all claims, except those alleging Constitutional violations.  The claims against the United States must be dismissed because the United States has not waived its sovereign immunity.  With regard to the Constitutional claims against Revenue Officer Dillon, the Complaint must be dismissed because it has failed to state a claim upon which relief could be granted.  Lastly, because the Plaintiffs have failed to properly serve Revenue Officer Dillon with process, the Court does not have personal jurisdiction over him.  For each of these reasons, the Complaint must be dismissed.

MICHAEL J. SULLIVAN
United States Attorney

/s/ Stephen J. Turanchik
_____
STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565
stephen.j.turanchik@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United
States' Motion to Dismiss and Supporting Memorandum of Law has
been made upon the following by depositing a copy in the United
States mail, postage prepaid, this 12th day of May, 2005:

Michael Gallagher
Patricia Gallagher
546 Polikoff Road
Ashley Falls, MA 01222

/s/ Stephen J. Turanchik
_____
STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6565