Michael Gallagher
Patricia Gallagher
546 Polikoff Road
Ashley Falls, Ma 01222
Phone: 413-229-5928

Pro Se

FILED
IN CLERK'S OFFICE

2005 JUN -7  A 10: 52

U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Michael Gallagher | ) Case No. |
| Patricia Gallagher, | ) 05-30032-KPN |
| Plaintiffs | ) MEMORANDUM IN SUPPORT OF |
| | ) PLAINTIFFS' MOTION TO VACATE |
| v. | ) AND STRIKE UNITED STATES OF |
| | ) AMERICA'S MOTION TO DISMISS |
| Patrick Dillon, and ANY AND | ) AND PLAINTIFFS' ANSWER IN |
| ALL DOES, each in their | ) OPPOSITION TO SAID MOTION TO |
| Individual Capacity, | ) DISMISS |
| Defendants | ) |
| | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES

### MOTION TO VACATE AND STRIKE UNITED STATES OF AMERICA'S "MOTION TO DISMISS" AND ANSWER IN OPPOSITION TO SAID "MOTION TO DISMISS"

#### SUMMARY

1.   As the complaint was expressly filed against persons in their individual capacities and the UNITED STATES OF AMERICA was not named as a Defendant nor has Counsel for the UNITED STATES OF AMERICA and/or the UNITED STATES (Counsel) presented admissible evidence verified under the penalty of perjury that said Defendant acted under the proper delegation of authority from the Secretary of the United States Treasury (Secretary), Counsel has trespassed on this case as an interloper, having no business in this

Court or standing to file a motion of any kind in this instant case. Further, there is no indication that The UNITED STATES OF AMERICA or the UNITED STATES has petitioned or been accepted as an amicus curiae.

Therefore, the document titled "Motion to Dismiss" allegedly filed by Counsel has no relevance in this Court and should be vacated and stricken from the record.

COUNSEL'S ARGUMENT

I. STANDARD OF REVIEW

2.    Plaintiffs agree with Counsel's representations in his Motion to Dismiss and supporting memorandum especially the citation that this court is required to accept Plaintiff's claims as true and in a light most favorable to the Plaintiffs... unless the Defendant in this case can provide to this court admissible evidence to rebut Plaintiff's claims.  No evidence has been forthcoming from the Defendant or Counsel and Counsel's Motion to Dismiss is a non-responsive pleading which is off point and lacks any admissible evidence to rebut Plaintiff's claims.

3.    Before this case can be dismissed, some discovery must be allowed to afford Plaintiffs the opportunity to completely prosecute their case and prove the full extent of their claims.  A dismissal of this case without some discovery is a denial of Plaintiff's rights.

4.    Moreover, Plaintiffs state that all officers of this Court are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of _Haines v Kerner_, 404 U.S. 519-421, _Platsky v. C.I.A_. 953 F.2d. 25,

and *Anastasoff v. United States,* 223 F.3d 898 (8th Cir.
2000) relying on *Willy v. Coastal Corp.,* 503 U.S. 131, 135
(1992), "*United States v. International Business Machines
Corp.,* 517 U.S. 843, 856 (1996), quoting *Payne v.
Tennessee,* 501 U.S. 808, 842 (1991) (Souter, J.,
concurring). *Trinsey v. Pagliaro,* D.C. Pa. 1964, 229 F.
Supp. 647, *American Red Cross v. Community Blood Center of
the Ozarks,* 257 F.3d 859 (8th Cir. 07/25/2001), that In re
*Haines*: pro se litigants such as Plaintiffs in this instant
case are held to less stringent pleading standards than bar
licensed attorneys. Regardless of the deficiencies in their
pleadings, pro se litigants are entitled to the opportunity
to submit evidence in support of their claims. In re
*Platsky*: court errs if court dismisses the pro se litigant
(Plaintiffs are pro se litigants) without instruction of how
pleadings are deficient and how to repair pleadings. In re
*Anastasoff*: litigants' constitutional rights are violated
when courts depart from precedent where parties are
similarly situated. All litigants have a constitutional
right to have their claims adjudicated according the rule of
precedent. See *Anastasoff v. United States,* 223 F.3d 898
(8th Cir. 2000). **Statements of counsel, in their briefs or
their arguments are not sufficient for a motion to dismiss
or for summary judgment**, *Trinsey v. Pagliaro,* D.C. Pa. 1964,

229 F. Supp. 647.

## II. THE ACTION AGAINST THE UNITED STATES IS BARRED BY SOVEREIGN IMMUNITY.

5.    This action is not against the UNITED STATES OF AMERICA (U.S.A.) or the UNITED STATES (U.S.) as Counsel so states.  This action is against Defendant in their individual capacities for actions done by them without authority under color of law.

6.    Further Counsel does not seem to know who he is representing — whether it is the U.S.A. (see each caption and ¶1 of the Motion to Dismiss and the Memorandum of Law in support..., both incorporated herein by reference as Exhibit B) or the U.S. (see Page 1/¶1 of the Motion to Dismiss and Page 3/¶0 the Memorandum of Law in support...)

7.    The preamble to the Constitution clearly identifies two entities which Counsel claims to have a delegation of authority to represent along with the Defendants.  The Preamble states in part:

> "We the People of the **United States**...do ordain and establish this Constitution for the **United States of America**"

8.    If Counsel wishes to claim Sovereignty, then he should be clear as to which entity he is referring.  The U.S. is sovereign over the areas over which it has exclusive legislative jurisdiction (the territories and insular

possessions) but it is not a Sovereign within the several 50
states which are each Sovereign in their own right.

9.    If Counsel wishes to claim that he represents the
USA, then Plaintiffs demands that he present to this Court
his delegation of authority from any government of competent
jurisdiction (hopefully Congress assembled) to verify that
he in fact has been delegated the authority through the
office of Attorney General to represent the U.S.A.

10.    Further, Plaintiffs objects to Counsel's changing
of the parties to this suit by adding "UNITED STATES OF
AMERICA" in the caption and make it known to the Court that
this is a trespass on Plaintiff's case.  Plaintiffs believe
that said actions by Counsel, without leave of the Court to
make such changes, may be subject to sanction under Rule 11
(c)(1)and(2) on the Court's own motion.

11.    After erroneously and misleadingly asserting that
the U.S.A. or the U.S. is a party to this action, Counsel
erroneously and misleadingly asserting that the U.S.A. or
the U.S. (take your pick) is a party proper party to this
suit.  Counsel, as interloper and trespasser, goes on to
claim sovereign immunity in a transparent effort to sidestep
this suit.  While it may be true that the U.S. has not
waived sovereign immunity, the argument and the authorities
cited by the United States are completely irrelevant since
the U.S. is not a party to this suit and Defendants have

been sued in their individual capacities.

12.    The named Defendants are the correct party for
this suit because the complaint is express in its assertion
that Defendant acted without properly delegated authority to
act in an official capacity.    In their individual capacities
they are then liable to Plaintiffs under this Bivens (Title
42, § 1983) action.

13.    The primary issue in this case is the authority of
the Commissioner (and his Agents) to administer and enforce
taxes within the several 50 states.    If there is no such
delegation of authority from the Secretary of the United
States Treasury (Secretary) to the Commissioner of the IRS
(Commissioner) and from the Commissioner to the specific
Defendants (Agents), then Defendants acted outside their
scope of authority.

14.    Plaintiffs have been unable to find any Treasury
Delegation Order by the Secretary authorizing the
Commissioner to administer and/or enforce internal revenue
laws (subtitle A and C taxes) within the several 50 states.

15.    Plaintiffs did, however, find several delegations
of authority wherein the Secretary specifically granted the
Commissioner authority to administer and/or enforce internal
revenue laws (presumably subtitle A and C taxes) within the
territories, insular possessions and said authorized areas
did not include the several 50 states.

16.   As evidence, which Plaintiffs will further develop during the course of this trial, herein are presented quotes from several delegations of authority starting with Treasury Delegation Order (TDO) 150-01 which is attached hereto and incorporated herein as Exhibit B, which states:

> "*3. U.S. Territories and Insular Possessions. The Commissioner of Internal Revenue shall, to the extent of authority vested in the Commissioner, provide for the administration of the United States internal revenue laws in the **U.S. territories** and **insular possessions** and other areas of the world.*" *(Emphasis added)*

17.   Counsel States implies that Defendant acted in their official capacity and had the authority to issue Levies.   However, said delegation of authority is only applicable in the specific areas where the Commissioner (and possibly his Agents) is authorized by the Secretary to administer and enforce internal revenue laws (Subtitle A and C taxes).   The following demonstrates that the specific areas where the Commissioner can administer and enforce "taxes" is not only carefully specified by the Secretary but it is quite limited and consequently not applicable to Plaintiff:

> a. The Commissioner of the Internal Revenue's authority was published in the Federal Register via Treasury Department/Delegation Order (TDO) 150-42, dated July 27, 1956 21 F.R. 5852.   It delegated to the Commissioner the following

authority:

*"The Commissioner shall, to the extent of authority vested in him, provide for the administration of the United States Internal Revenue laws in the **Panama Canal Zone**, **Puerto Rico** and the **Virgin Islands**."* *(Emphasis added)*

b. TDO No. 150-105 of January 24, 1985;

Designation of Internal Revenue Districts

states at paragraph 4, U.S. Territories and

insular possessions:

*"The Commissioner Internal Revenue Service shall, to the extent of authority otherwise vested in him, provide for the administration of the United States Internal Revenue laws in the **U.S. territories** and **insular possessions** and other **authorized** areas of the world [areas authorized by other delegation orders]."* *(Emphasis added)*

c. TDO 150-104 of January 24, 1985 — **Subject:**

Designation of Internal Regions and Regional

Service Centers — at paragraph 4. U.S.

Territories and Insular Possessions:

*"The Commissioner, Internal Revenue Service shall, to the extent of authority otherwise vested in him, provide for the administration of the United States Internal Revenue laws in the **U.S. Territories** and **insular possessions** and other **authorized** areas of the world."* *(Emphasis added)*

d. Then, in February 27, 1986, the Secretary

delegated additional authority to the

Commissioner via TDO 150-01 51 Fed. Reg. 9571.

On Page 9573, Paragraph 6 which states:

"...the Commissioner shall, to the extent
of authority otherwise vested in him,
provide for the administration of the
United States Internal Revenue laws in the
**U.S. Territories** and **insular possessions**
and other **authorized** areas of the world."
(Emphasis added)

e. Treasury Department Order 150-01 dated October
27, 1987 at Paragraph 5: U.S. Territories and
Insular Possessions" is identical to TDO 150-01
of Feb. 27, 1986.

18.    The Secretary has given specific authority to the
Commissioner regarding his authority within certain areas
where Congress has exclusive legislative jurisdiction.    If
the Commissioner is to have any authority within the several
50 states, there must be a Treasury Delegation Order like
the above delegations of authority wherein the Secretary has
delegated authority to the Commissioner to enforce internal
revenue laws **within the several 50 states** over which
Congress does NOT have exclusive legislative jurisdiction
and over which the United States is NOT Sovereign.

19.    For any delegation order to be effective and
consequently the Commissioner (and his Agents) to be
authorized to administer and enforce taxes within the
several 50 states, they must be so authorized by the
Secretary.    If the authorized area is omitted from any

delegation order (i.e. Delegation Order for an Agent to
Issue a Lien or Levy with no specifics as to **"where"** said
liens or levies can be administered or enforced) the
delegation order can only be construed to be effective in
the areas of authority over which the Commissioner has been
granted authority by the Secretary in other previously
issued delegation orders.

20.   Plaintiffs move this Court to order Counsel to
produce said delegation order giving the Commissioner
authority within the several 50 states before this Court
accepts as a valid pleading and rules on Counsel's Motion to
Dismiss.  Without said delegated authority, Defendant had
absolutely no authority to act and Counsel is barred from
representing Defendants in their individual capacities.

21.   Counsel's failure to present said evidence to this
Court constitutes a purposeful misrepresentation to the
Court of the Defendants authority and is done only to trick
the Court to further denying Plaintiffs' substantive rights
as protected by the "Bill of Rights" under the Constitution.

22.   If Counsel cannot rebut the delegation order
evidence as cited herein with admissible evidence showing
the delegation of authority from the Secretary to the
Defendant to operate within the several 50 states, then the
U.S. Attorney will have trespassed on this case without any
authority and will have misrepresented material facts to

this Court. Counsel should have known the exact authority delegated to said Defendant by the Secretary or he should have done due diligence in this regard prior to submitting said Motion to Dismiss and making the claims therein.

23. Counsel's argument for United States immunity is irrelevant in that the U.S. or the U.S.A. can only be a party to this suit if and when Counsel demonstrates conclusively by admissible evidence that Defendants' had the delegated authority to act within the several 50 states.

III. THE COMPLAINT FAILS TO STATE A CLAIM FOR DAMAGES UNDER BIVENS

24. If this case were about the validity of the collection process, the amount of the tax, the amount of tax collected, the validity of the collection process as created by Congress, then Counsel's argument would be correct. However, this instant action is about theft and fraud both of which were perpetrated upon the Plaintiffs by Defendant who acted outside her scope of authority (within the several 50 states) under color of law. This court has jurisdiction and can take action to stop the theft and fraud.

25. Further, Counsel asserts that Plaintiffs is a "Taxpayer" citing cases relative to "Taxpayers" and the assessment and collection of taxes. The administrative remedy provisions within Title 26 are indeed for "Taxpayers" and Plaintiffs herein claims that they are not "Taxpayers"

as said term is defined in Title 26. Therefore, any argument, remedies or citations relative to "taxpayers" or the assessment and collection of taxes is moot and irrelevant since Plaintiffs are not "taxpayers" and since this case is not about taxes or the valid and constitutional process Congress has created for the collection of taxes.

26. Even if there were an actual tax liability, this action is about theft and fraud without proper delegation of authority under color of law and not about the amount of any alleged tax owned. And foundational and material to Plaintiffs' claims of theft and fraud is the existence (or lack thereof) of the Defendants' authority to administer and enforce/collect taxes within the several 50 states.

## IV. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER REVENUE OFFICER DILLON BECAUSE HE HAS NOT BEEN PROPERLY SERVED.

27. Plaintiffs hired the Constable to serve the Defendant and Plaintiffs believes that in the Capacity of Constable, said officer routinely provides these services and knows the proper way to effect service upon parties. Said Constable served Defendant "at his place of work" as so stated in the Return of Service and this is permitted under the rules.

28. It is not unreasonable for this Court to expect that if one Agent accepts service for another Agent (after

all these are not average citizens), the accepting Agent knows the other Agent for whom they are accepting service. No reasonable person will accept service for someone they do not actually know or one who does not work in their office. The Constable talked with Agent Marciello long enough to get his ID number so the summons and complaint were not tossed at him in the hallway.

29.  Also, does the court must wonder why, when Defendant was asked for by name, another individual came forward.  IRS Agents often use fictitious names to hide their true identity and it is possible that the agent who came forward may have actually been the actual person behind the fictitious name.

30.  Further, Counsel seems to have a lot of details as to what transpired with the service of the Summons and Complaint, who it was given to and yet he wishes the court to believe that instead of Agent Marciello giving the summons and complaint to the Defendant who worked in the same office, he forwarded the documents to Counsel in another city without indicating same to the Constable?

31.  As a side note, this Court may not be aware just how difficult it is to serve IRS Agents.  Agents who demand honesty and transparency when dealing with citizens, themselves hide behind initials for their first names, don't sign documents at all or make their signatures not at all

discernable.  Often when service processors attempt to enter
IRS buildings they are prevented from doing so by the
building security.  In addition, often the service
processors are told repeatedly that the Agent is not in the
building requiring them to return many times and in some
case it is impossible to actually serve them personally.
All this from a service who are public servants and should
have nothing to hide from those they serve.

32.  This argument should be ignored and denied because
the Defendant was served according to the rules and
Counsel's arguments are a farce but also because Counsel
lacks the authority as cited above to bring that argument
forward on behalf of Defendant who acted in their individual
capacity under color of law.

PRAYER

1.  For the reasons stated herein, Plaintiffs
respectfully moves the Court to:

> f. Vacate and strike the Motion to Dismiss as
> having no place, function, or relevance in
> these proceedings, and to allow the suit to
> proceed; and
>
> g. Deny Counsel's Motion to Dismiss in its
> entirety.

2.  In the alternative, Plaintiffs move the Court to
order Counsel for the U.S. and the U.S.A. to:

a. Bring forward verified evidence showing that the Secretary has issued a delegation order authorizing the Commissioner to administer and enforce taxes within the several 50 states — as he so carefully and specifically did for the territories and insular possessions of the UNITED STATES;

b. Bring forward verified evidence showing that Counsel has the delegated authority to represent any individuals in their private capacity who act outside their scope of authority under color of law; and

c. Bring forward verified evidence showing that Counsel has the delegated authority from Congress to the Attorney General to Counsel for him to represent the U.S.A.

3. Discovery will demonstrate to the court the full extent to which fraud has been committed against Plaintiffs. Plaintiffs respectfully ask the Court to recognize that one acting outside their scope of authority under color of law is a serious crime that should not be permitted to continue in America.

4. If the Court feels the claims on which relief can be granted need to be more clearly expressed in the complaint, Plaintiffs respectfully requests leave to amend

the complaint for that purpose.

Executed this 31st day of June, 2005.

_____

Michael Gallagher, Pro se

_____

Patricia Gallagher, Pro se

# BY ORDER OF THE SECRETARY OF THE TREASURY

**TREASURY ORDER** 150-01

**DATE:** September 28, 1995

**SUNSET REVIEW:** September 28, 2000

**SUBJECT:** Regional and District Offices of the Internal Revenue Service

Under the authority given to the President to establish and alter internal revenue districts by Section 7621 of the Internal Revenue Code of 1986, as amended, and vested in the Secretary of the Treasury by Executive Order 10289 (approved September 17, 1951, as amended) as made applicable to Section 7621 of the Internal Revenue Code of 1986, as amended (as previously contained in the Internal Revenue Code of 1954) by Executive Order 10574 (approved November 5, 1954); under the authority vested in the Secretary of the Treasury by 31 U.S.C. §§321 (a), (b) and Reorganization Plan No. 1 of 1952 as made applicable to the Internal Revenue Code of 1986, as amended, by Section 7804(a) of such Code; and under the authority vested in the Secretary of the Treasury by Sections 7801(a) and 7803 of the Internal Revenue Code of 1986, as amended; the following internal revenue districts and regions are established or continued as described in this Order. When fully implemented, this Order establishes fewer internal revenue regions and districts than designated in previous Orders.

1. _Regions_. Four regions are established which shall be identified as Northeast Region, headquartered at New York, New York; Southeast Region, headquartered at Atlanta, Georgia; Midstates Region, headquartered at Dallas, Texas; and Western Region, headquartered at San Francisco, California. The head of each regional office shall bear the title "Regional Commissioners identified by the region name. The geographic areas and internal revenue districts within each region are shown in the Attachment to this Order.

2. _Districts_. Thirty-three districts are established. Each shall be known as an internal revenue district and shall be identified by the names listed in the Attachment. The head of each district office shall be titled ~Director" identified by the district name as specified in the Attachment. The geographic areas within each district are shown in the Attachment.

3. _U.S. Territories and Insular Possessions_. **The Commissioner of Internal Revenue shall, to the extent of authority vested in the Commissioner, provide for the administration of the United States internal revenue laws in the U.S. territories and insular possessions and other areas of the world.**

4. _Implementation_. The district and regional organization described above shall be implemented on dates determined by the Commissioner of Internal Revenue. Until such dates, the existing offices are authorized to continue. Effective immediately, the Commissioner is authorized to effect such transfers of functions, personnel, positions, equipment and funds as may be necessary to implement the provisions of this Order.

TDO 150-02

5. Other Offices. This Order affects only the regional and district offices subject to this Order and does not affect service centers or other offices in existence within the Internal Revenue Service.

6. Effect On Prior Treasury Orders.

a. TO 150-01, "Designation of Internal Revenue Districts," dated October 27, 1987, is superseded.

b. TO 150-03, "Designation of Internal Revenue Regions and Regional Service Centers," dated January 24, 1986, is superseded.

Robert E. Rubin

Secretary of the Treasury

OPI: Internal Revenue Service

Attachment

## Regional and District Offices of the Internal Revenue Service

| District Name | Headquarters | Area Covered |
|---|---|---|
| **SOUTHEAST REGION** | Atlanta, Georgia | Alabama, Delaware, the District of Columbia, Florida, Georgia, Indiana, Kentucky, Louisiana, Maryland, Mississippi, North Carolina, South Carolina, Tennessee, Virginia, West Virginia |
| North Florida District | Jacksonville, Florida | Florida counties: Alachua, Baker, Bay, Bradford, Brevard, Calhoun, Citrus, Clay, Columbia, Dixie, Duval, Escambia, Flagler, Franklin, Gadsden, Gilchrist, Gulf, Hamilton, Hernando, Hillsborough, Holmes, Jackson, Jefferson, Lafayette, Lake, Leon, Levy, Liberty, Madison, Marion, Nassau, Okaloosa, Orange, Osceola, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Seminole, St. Johns, Sumter, Suwannee, Taylor, Union, Volusia, Wakulla, Walton and Washington |
| South Florida District | Fort Lauderdale, Florida | Florida counties: Broward, Charlotte, Collier, Dade, DeSoto, Glades, Hardee, Hendry, Highlands, Indian River, Lee, Manatee, Martin, Monroe, Okeechobee, Palm Beach, Sarasota and St. Lucie |
| Georgia District | Atlanta, Georgia | Georgia |
| Indiana District | Indianapolis, Indiana | Indiana |
| Gulf Coast District | New Orleans, Louisiana | Louisiana, Mississippi and Alabama |
| Delaware-Maryland District | Baltimore, Maryland | Delaware, Maryland and the District of Columbia |
| North-South Carolina District | Greensboro, North Carolina | North Carolina and South Carolina |
| Kentucky-Tennessee District | Nashville, Tennessee | Kentucky and Tennessee |
| Virginia-West Virginia District | Richmond, Virginia | Virginia and West Virginia |

| District Name | Headquarters | Area Covered |
|---|---|---|
| **NORTHEAST REGION** | New York, New York | Connecticut, Maine, Massachusetts, Michigan, New Hampshire, New Jersey, New York, Ohio, Pennsylvania, Rhode Island and Vermont |
| Connecticut-Rhode Island District | Hartford, Connecticut | Connecticut and Rhode Island |
| Ohio District | Cincinnati, Ohio | Ohio |
| Michigan District | Detroit, Michigan | Michigan |
| New England District | Boston, Massachusetts | Maine, Massachusetts, New Hampshire and Vermont |
| New Jersey District | Newark, New Jersey | New Jersey |
| Brooklyn District | Brooklyn, New York | New York counties: Kings, Nassau, Queens and Suffolk |
| Upstate New York District | Buffalo, New York | New York counties: Albany, Allegany, Broome, Cattaraugus, Cayuga, Chautauqua, Chemung, Chenango, Clinton, Columbia, Cortland, Delaware, Dutchess, Erie, Essex, Franklin, Fulton, Genesee, Greene, Hamilton, Herkimer, Jefferson, Lewis, Livingston, Madison, Monroe, Montgomery, Niagara, Oneida, Onondaga, Ontario, Orange, Orleans, Oswego, Otsego, Putnam, Rensselaer, Saratoga, Schenectady, Schoharie, Schuyler, Seneca, Steuben, St. Lawrence, Sullivan, Tioga, Tompkins, Ulster, Warren, Washington, Wayne, Wyoming and Yates |
| Manhattan District | New York, New York | New York counties: Bronx, New York, Richmond, Rockland and Westchester |
| Pennsylvania District | Philadelphia, Pennsylvania | Pennsylvania |

TDO 150-02

Exhibit 2
Page 4 of

| District Name | Headquarters | Area Covered |
|---|---|---|
| **MIDSTATES REGION** | Dallas, Texas | Arkansas, Illinois, Iowa, Kansas, Minnesota, Missouri, Nebraska, North Dakota, Oklahoma, South Dakota, Texas and Wisconsin |
| Illinois District | Chicago, Illinois | Illinois |
| North Central District | St. Paul, Minnesota | Minnesota, North Dakota and South Dakota |
| Midwest District | Milwaukee, Wisconsin | Iowa, Nebraska and Wisconsin |
| Kansas-Missouri District | St. Louis, Missouri | Kansas and Missouri |
| Arkansas-Oklahoma District | Oklahoma City, Oklahoma | Arkansas and Oklahoma |
| North Texas District | Dallas, Texas | Texas counties: Anderson, Andrews, Angelina, Archer, Armstrong, Bailey, Baylor, Borden, Bowie, Briscoe, Brown, Callahan, Camp, Carson, Cass, Castro, Cherokee, Childress, Clay, Cochran, Coke, Coleman, Collin, Collingsworth, Comanche, Concho, Cooke, Cottle, Crane, Crockett, Crosby, Dallam, Dallas, Dawson, Deaf Smith, Delta, Denton, Dickens, Donley, Eastland, Ector, Ellis, Erath, Fannin, Fisher, Floyd, Foard, Franklin, Gaines, Garza, Glasscock, Gray, Grayson, Gregg, Hale, Hall, Hansford, Hardeman, Harrison, Hartley, Haskell, Hemphill, Henderson, Hockley, Hood, Hopkins, Houston, Howard, Hunt, Hutchinson, Irion, Jack, Johnson, Jones, Kaufman, Kent, King, Knox, Lamar, Lamb, Lipscomb, Loving, Lubbock, Lynn, Marion, Martin, Menard, Midland, Mills, Mitchell, Montague, Moore, Morris, Motley, Nacogdoches, Navarro, Nolan, Ochiltree, Oldham, Palo Pinto, Panola, Parker, Parmer, PoKer, Rains, Randall, Reagan, Red River, Roberts, Rockwall, Runnels, Rusk, Sabine, San Augustine, Schleicher, Scurry, Shackelford, Shelby, Sherman, Smith, Stephens, Sterling, Stonewall, SuKon, Swisher, Tarrant, Taylor, Terry, Throckmorton, Titus, Tom Green, Upshur, Upton, Van Zandt, Ward, Wheeler, Wichita, Wilbarger, Winkler, Wise, Wood, Yoakum and Young |
| South Texas District | Austin, Texas | Texas counties: Aransas, Atascosa, Austin, Bandera, Bastrop, Bee, Bell, Bexer, Blanco, Bosque, Brazos, Brewster, Brooks, Burleson, Burnet, Caldwell, Calhoun, Cameron, Colorado, Comal, Coryell, Culberson, DeWiK, DimmiK, Duval, Edwards, El Paso, Falls, FayeKe, Freestone, Frio, Gillespie, |

Exhibit 1

Page 5 of 7

|  |  | Goliad, Gonzales, Grimes, Guadalupe, Hamilton, Hays, Hidalgo, Hill, Hudspeth, Jackson, Jeff Davis, Jim Hogg, Jim Wells, Karnes, Kendall, Kenedy, Kerr, Kimble, Kinney, Kleberg, Lampasas, LaSalle, Lavaca, Lee, Leon, Limestone, Live Oak, Llano, McCulloch, McLennan, McMullen, Madison, Mason, Matagorda, Maverick, Medina, Milam, Nueces, Pecos, Presidio, Real, Reeves, Refugio, Robertson, San Patricio, San Saba, Somervell, Starr, Terrell, Travis, Uvalde, Val Verde, Victoria, Waller, Washington, Webb, Wharton, Willacy, Williamson, Wilson, Zapata and Zavala |
| Houston District | Houston, Texas | Texas counties: Brazoria, Chambers, Fort Bend, Galveston, Hardin, Harris, Jasper, Jefferson, Liberty, Montgomery, Newton, Orange, Polk, San Jacinto, Trinity, Tyler and Walker |

TDO 150-02

| District Name | Headquarters | Area Covered |
|---|---|---|
| **WESTERN REGION** | San Francisco, California | Alaska, Arizona, California, Colorado, Hawaii, Idaho, Montana, Nevada, New Mexico, Oregon, Utah, Washington and Wyoming |
| Southwest District | Phoenix, Arizona | Arizona, Nevada and New Mexico |
| Rocky Mountain District | Denver, Colorado | Colorado, Idaho, Montana, Utah and Wyoming |
| Northern California District | Oakland, California | Northern California counties: Alameda, Alpine, Amador, BuKe, Calaveras, Colusa, Contra Costa, Del Norte, El Dorado, Glenn, Humboldt, Lake, Lassen, Marin, Mendocino, Modoc, Napa, Nevada, Placer, Plumas, Sacramento, San Francisco, San Joaquin, San Mateo, Shasta, Sierra, Siskiyou, Solano, Sonoma, SuKer, Tehama, Trinity, Yolo and Yuba |
| Central California District | San Jose, California | Mid-state California counties: Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Mono, Monterey, San Benito, San Luis Obispo, Santa Barbara, Santa Clara, Santa Cruz, Stanislaus, Tulare, Tuolumne and Ventura |
| Los Angeles District | Los Angeles, California | County of Los Angeles, except for that portion served by the Southern California District |
| Southern California District | Laguna Niguel, California | Southern California counties: Imperial, Orange, Riverside, San Bernardino, San Diego, and that portion of Los Angeles County serviced by the Carson post of duty (the geographic area covered by 1995 U.S. Postal Service zip codes 90254, 90274, 90277, 90278, 90501, 90502, 90503, 90504, 90505, 90506, 90507, 90508, 90509, 90510, 90701, 90702, 90703, 90704, 90706, 90707, 90710, 90711, 90712, 90713, 90714, 90715, 90716, 90717, 90731, 90732, 90733, 90734, 90744, 90745, 90746, 90747, 90748, 90749, 90801, 90802, 90803, 90804, 90805, 90806, 90808, 90809, 90810, 90813, 90814, 90815, 90822, 90831, 90832, 90833, 90834, 90835, 90840, 90844, 90846, 90853) |
| Pacific Northwest District | Seattle, Washington | Alaska, Hawaii, Oregon and Washington |

TDO 150-02

## CERTIFICATE OF THIRD-PARTY SERVICE

My name is Thom Whaley and I hereby certify that I have been appointed by Patricia and Michael Gallagher identified in the foregoing documents) to serve said documents and exhibit on a certain party as described below.

I further certify that a copy of the foregoing Documents and Exhibit were caused to be served dated _6 – 5-05_ by United States Mail to the following person and address:

> Stephen J. Turanchik
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 55
> Ben Franklin Station
> Washington, D.C. 20044

> Thom Whaley
> 508 Polikoff Rd.
> Ashley Falls, [01222]
> Massachusetts, non-domestic
> Phone: 413-229-8684