IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL GALLAGHER, and          )
PATRICIA GALLAGHER,             )
                                )
          Plaintiffs,           )
                                )
     v.                         ) Civil No. 05-30032-MAP
                                )
PATRICK DILLON and              )
ANY AND ALL DOES, each in       )
their individual capacity, and  )
UNITED STATES OF AMERICA,       )
                                )
          Defendants.           )

<u>DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO RECONSIDER</u>

The defendants, Patrick Dillon and the United States of
America, oppose the Plaintiffs' Motion to Reconsider the Court's
Judgment dismissing this case.


<u>Procedural History</u>

On February 1, 2005, the Plaintiffs filed a Complaint in
this action.  On April 13, 2005, the Plaintiffs filed an Amended
Complaint seeking certain state law tort claims and
Constitutional claims against the named defendant, Patrick
Dillon.

On May 11, 2005, Michael Sullivan, United States Attorney
for the District of Massachusetts filed a Certification under 28
U.S.C. §2679 certifying that Patrick Dillon was acting within the
scope of his employment as an employee of the Internal Revenue
Service ("IRS") at the time that the incidents out of which

- 2 -

plaintiffs' claims arose occurred.

On May 12, 2005, the Defendants filed Motion to Dismiss on the grounds that as to any alleged "common-law tort" claims, the United States has been substituted as the defendant and that the United States has not waived its sovereign immunity.  Further, to the extent that the Plaintiffs asserted that Revenue Officer Dillon violated their rights secured by the Constitution of the United States, the Plaintiffs failed to state a claim upon which relief could have been granted.

On June 3, 2005, the Court granted the Motion to Dismiss stating that "[t]he arguments are well founded and Plaintiffs have failed to comply with the Local Rules by filing a timely response."  The Court also granted Judgment for Defendants, thus dismissing the case.

Also on June 3, 2005, the Plaintiffs' filed a "Motion to Vacate and Strike United States of America's Motion to Dismiss and Plaintiffs' Answer in Opposition to Said Motion to Dismiss" and a supporting memorandum of points and authorities.  The Motion to Vacate and Strike was based on the argument that the United States was trespassing on the case because it was not named by the Plaintiffs as a defendant.  The Opposition to the Motion was based on the Plaintiffs' argument that the Court had jurisdiction pursuant to 42 U.S.C. § 1983 (providing a cause of action for deprivation of rights).

- 3 -

On June 8, 2005, the Court denied the Plaintiffs' Motion to Strike and the Motion to Vacate.

On June 10, 2005, the Plaintiffs' filed a Motion to Reconsider the Court's Judgment of Dismissal that was entered on June 3, 2005.  The grounds for the motion to reconsider are (1) the Plaintiffs were mistaken about the deadline for responding to the Motion to Dismiss, and (2) the Plaintiffs have filed an Answer in Opposition to the Motion to Dismiss.

The defendants now oppose the Plaintiffs' Motion to Reconsider.  The Motion to Reconsider should be denied as futile. Even if the Court were to consider the Plaintiffs' opposition, the motion to reconsider should be denied because the Plaintiffs' "Answer in Opposition" is groundless.


ARGUMENT

A.   STANDARD OF REVIEW

The pro se Plaintiffs do not cite what Rule of Civil Procedure that they are moving under for the Court to reconsider the Court's judgment of dismissal.   The Plaintiffs may have filed to amend the judgment pursuant to Fed.R.Civ.P. 59(e) or for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

In order for a movant to prevail on motion to amend a judgment under Rule 59(e) of the Federal Rules of Civil

- 4 -

Procedure, the movant must show: (1) newly discovered material
evidence or (2) a manifest error of law or fact.  See Aybar v.
Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).  The rule does
not provide a vehicle for a party to advance arguments that could
and should have been presented to the district court prior to the
judgment.  Id.  The Plaintiffs do not contend that there is newly
discovered evidence or that the Court made any manifest errors of
law.  Thus, it does not appear that Rule 59(e) is an avenue
available for the Plaintiffs.

    Rule 60(b) of the Federal Rules of Civil Procedure provides,
that "[o]n motion and upon such terms as are just, the court may
relieve a party or a party's legal representative from a final
judgment, order, or proceeding for the following reasons:

          1. mistake, inadvertence, surprise, or excusable
          neglect;
          2. newly discovered evidence which by due diligence
          could not have been discovered in time to move for a
          new trial under Rule 59(b);
          3. fraud, ... misrepresentation, or other misconduct of
          an adverse party;
          4. the judgment is void;
          5. the judgment has been satisfied, released, or
          discharged, or a prior judgment upon which it is based
          has been reversed or otherwise vacated, or it is no
          longer equitable that the judgment should have
          prospective application; or
          6. any other reason justifying relief from the
          operation of the judgment."

Presumably, the Plaintiffs are moving pursuant to Rule 60(b)(1)
for inadvertence or excusable neglect.  However, a Rule 60(b)(1)
motion for relief from judgment excusable neglect cannot be

- 5 -

predicated on the failure to file a futile motion. <u>See</u> <u>Chang v.</u> <u>Smith</u>, 778 F.2d 83 (1st 1985)(lawyer's failure to file a futile motion was not a ground for relief from judgment). Other than their delay, the Plaintiffs offer no further rationale as to why the Court should reconsider its Judgment of dismissal. However, because the Plaintiffs have offered no viable defenses to the Motion to Dismiss, the Court should deny the motion to reconsider.

B. THE PLAINTIFFS' OPPOSITION TO THE MOTION TO DISMISS DOES NOT RAISE A VALID CLAIM

   1. <u>Plaintiffs Agree That the United States Has Not Waived Its Sovereign Immunity</u>

In the Amended Complaint, the Plaintiffs assert certain state-law tort claims and certain Constitutional violations by Patrick Dillon. 28 U.S.C. §2679(d)(1) provides that upon the making of an in-scope certification of the Attorney General (or his delegate) that a state-law tort claim "shall be deemed" to be an action against the United States under the Federal Tort Claims Act. In particular, 28 U.S.C. §2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

- 6 -

"This 'scope certification' by the Attorney General serves to substitute the United States as the sole defendant.  Id. [28 U.S.C. § 2679(d)(1)]." <u>Taboas v. Mlynczak</u>, 149 F.3d 576, 578, n.1 (7th Cir. 1998).  In this case, Michael Sullivan, United States Attorney for the District of Massachusetts, has made such a certification for Patrick Dillon.  Therefore, the United States is the defendant on the state-law based claims.

     The Plaintiffs object to the addition of the United States as party, and contend that undersigned counsel has mislead this Court into substituting the United States as a party.  Congress has specifically authorized such a substitution under §2679.  The purpose of this section was to provide federal employees with absolute immunity from liability for common-law torts committed within scope of employment by precluding direct actions against federal employees and making plaintiff's "exclusive remedy" an action against the United States under the Federal Tort Claims Act. <u>See</u> <u>Nadler v. Mann</u>, S.D.Fla.1990, 731 F.Supp. 493 (S.D.Fla. 1990).

     In this case, the Plaintiffs must show that the United States has waived its sovereign immunity to pursue the state-law based claims.  In their opposition to the Motion to Dismiss the Plaintiffs do not contend that the United States has waived its sovereign immunity.  Rather, they argue the United States is a trespassing interloper.  As discussed above, the United States

- 7 -

is properly substituted as a party, and the Plaintiffs' state-law claims must be dismissed because the United States has not waived its sovereign immunity.


    2.    <u>Not One of the Plaintiffs' Contentions Regarding the
          Bivens Claim Is Valid</u>


    Plaintiffs contend that the Defendants must come forward with admissible evidence to rebut Plaintiffs' claims.  This contention is without merit.  The Defendants moved to dismiss the complaint pursuant to Rule 12(b)(1) and 12(b)(6). When ruling on either 12(b)(1) or 12(b)(6) motion a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. <u>See</u> <u>Pejepscot Indus. Park v. Maine Cent. R.R.</u>, 215 F.3d 195, 197 (1st Cir. 2000).  Thus, no evidence is required because the Court accepts all well-pled facts and averments as true for purposes of the motion.

    The <u>Bivens</u> claim against Revenue Officer is unavailable in the tax context because the Plaintiffs have another remedy, specifically, section 7433 of the Internal Revenue Code.  Section 7433 provides taxpayers with a remedy against the United States to compensate them for damages that arise out of disregard for the provisions of the internal revenue laws "in connection with any collection of Federal taxes ...." 26 U.S.C. §7433(a).  Since the enactment of Section 7433 in 1988, numerous courts have found

- 8 -

Bivens remedies unavailable in cases involving alleged Fourth and Fifth Amendment violations in connection with tax collections activities. See, e.g., Vennes v. An Unknown Number of Unidentified Agents of the United States, 26 F.3d 1448, 1453-54 (8th Cir. 1994) ("These carefully crafted legislative remedies confirm that, in the politically sensitive realm of taxation, Congress's refusal to permit unrestricted damage actions by taxpayers has not been inadvertent."); Wages v. Internal Revenue Serv., 915 F.2d 1230, 1235 (9th Cir. 1990) ("Yet we have never recognized a constitutional violation arising from the collection of taxes."); see also McMillen v. United States Department of Treasury, 960 F.2d 187, 190-91 (1st Cir. 1991) (stating, in dicta, that it is doubtful that the creation of a Bivens remedy would be appropriate where the alleged constitutional violations occurred in the administration of the tax laws). Because the Plaintiffs have an alternate remedy and because Bivens claims are inappropriate in the tax collection cases, the Plaintiffs Complaint against Dillon must be dismissed.

Plaintiffs also contend that the "primary issue in this case is the authority of the Commissioner (and his Agents) to administer and enforce taxes with the several 50 states."[1]

---

[1] Plaintiffs' contention is that the Secretary of the Treasury delegated to the Commissioner of Internal Revenue the authority to administer the tax laws only in Panama Canal Zone, Puerto Rico, the Virgin Islands, U.S. Territories, and Insular possessions. Thus, because the Plaintiffs' are citizens of the Commonwealth of Massachusetts, the Commissioner has no authority to enforce the Internal Revenue Code against them.

- 9 -

This contention is frivolous and irrelevant.  It is irrelevant because <u>Bivens</u> actions are not appropriate in tax collection cases and it is frivolous because this long-discredited tax-protestor argument has been rejected by every court that has seen it.  <u>See</u> <u>Powers v. Commissioner</u>, T.C. Memo. 1990-623, aff'd 949 F.2d 397 (6th Cir. 1991); <u>Lucia v. Commissioner</u>, T.C. Memo. 1991-77, aff'd 962 F.2d 14 (9th Cir. 1992).

<u>Conclusion</u>

The Plaintiffs' Motion to Reconsider should be denied because the defenses offered in the Plaintiffs' Opposition to the Motion to Dismiss are without merit.  As such, the Motion for Reconsideration should be denied as futile.

MICHAEL J. SULLIVAN
United States Attorney


/s/ Stephen J. Turanchik

_____
STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565
stephen.j.turanchik@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Defendants' Opposition to Plaintiffs' Motion to Reconsider has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 14th day of June, 2005:

Michael Gallagher
Patricia Gallagher
546 Polikoff Road
Ashley Falls, MA 01222

/s/ Stephen J. Turanchik

_____

STEPHEN J. TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6565
stephen.j.turanchik@usdoj.gov